UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALISA O.,[1]

                        Plaintiff,            Case # 20-cv-00564-FPG

v.                                      DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

## INTRODUCTION

On August 1, 2017, Plaintiff Alisa O. protectively applied for Disability Insurance Benefits under Title II of the Social Security Act (the "Act") and Supplemental Security Income under Title XVI of the Act. Tr.[2] 79-80. The Social Security Administration (the "SSA") denied his claim and Plaintiff appeared at a hearing before Administrative Law Judge Gregory Moldafsky (the "ALJ") on October 31, 2019. Tr. 46. At the hearing, Plaintiff and vocational expert, Esperanza Distefano, testified. On February 27, 2020, the ALJ issued an unfavorable decision. Tr. 12-23. The Appeals Council denied Plaintiff's request for review making the ALJ's decision the final decision of the SSA. Tr. 1-3. Plaintiff then appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 12, 13. For the reasons that follow, Plaintiff's motion is DENIED, the Commissioner's motion is GRANTED, and the ALJ's decision is AFFIRMED.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only her first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 9.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

**LEGAL STANDARD**

### I.    District Court Review

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence.  42 U.S.C. §§ 405(g), 1383(c)(3).   "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

### II.   Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

**DISCUSSION**

I.     **The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits using the process described above.  At step

one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 1, 2015,

the alleged onset date.  Tr. 14.  At step two, the ALJ found that Plaintiff has the following severe

impairments: cervical degenerative disc disease with radiculopathy and cervical stenosis; lumbar

degenerative disc disease and lumbar radiculopathy; bursitis of the right shoulder; bilateral carpal

tunnel syndrome status post left release; trochanteric bursitis of the left hip; and morbid obesity.

*Id.*  The ALJ also determined that Plaintiff suffers from hypertension, hypothyroidism, polycystic

ovarian syndrome, and fibromyalgia, none of which were deemed severe impairments.  Tr. 14-15.

At step three, the ALJ found that Plaintiff does not have an impairment or combination of

impairments that meet or medically equal the severity of one of the listed impairments.  Tr. 15.

The ALJ determined that Plaintiff maintained the RFC to perform sedentary work as defined in 20

C.F.R. §§ 404.1567(a) and 416.967(a).  *Id.*  However, the ALJ found that Plaintiff has additional

limitations, including, *inter alia*, that Plaintiff can: only occasionally climb ramps and stairs; never

climb ladders, ropes, and scaffolds; occasionally stoop, balance, kneel, and crouch; never crawl;

occasionally perform overhead reaching with the bilateral upper extremities; frequently reach in

all other directions with the right upper extremity; frequently perform handling and fingering with

the bilateral upper extremities; and never work at unprotected heights.  Tr. 15-16.

In formulating the RFC, the ALJ found that the opinion of James Lawrence, M.D., of the

Disability Determination Services, was partially persuasive insofar as he concluded that Plaintiff

could occasionally lift 20 pounds and frequently lift 10 pounds; stand and or walk up to 6 hours in

an 8-hour workday; occasionally climb ramps and stairs and balance; and sit up to 6 hours in an

8-hour day; with limited reaching in front, laterally, and overhead with the right upper extremity. Tr. 20. However, the ALJ determined that the totality of the evidence indicated that Plaintiff had *greater* exertional, postural, manipulative, and environmental limitations than Dr. Lawrence provided. *Id.*

Next, the ALJ found that the opinion of consultative examiner, Samuel Balderman, M.D., was persuasive insofar as it suggested that Plaintiff is limited to sedentary work with postural, manipulative, and environmental limitations. *Id.* In addition, Dr. Balderman determined that Plaintiff has mild to moderate limitations for frequent changes in position of the head, repetitive bending and lifting, prolonged standing, and prolonged sitting with moderate limitation in reaching. *Id.* Such an opinion was deemed generally consistent with the records and illustrated the type and degree of treatment needed.

Lastly, the ALJ found that the opinion of Shelby Belair, AGNP-BC, was persuasive insofar as it suggests that Plaintiff can perform sedentary work with postural, manipulative, and environmental limitations. *Id.* Specifically, NP Belair determined that Plaintiff should not lift more than 15 pounds, should avoid activities that require significant head and neck movement, can stand no more than two to four hours at a time, and sit for no more than three to four hours at a time. *Id.* Again, this opinion was deemed consistent with the totality of the evidence, Plaintiff's physical examination, and Plaintiff's description of daily activities.

At steps four and five, the ALJ concluded that there were jobs that existed in the economy that Plaintiff could perform including, for example, document preparer, addresser, callout operator. Tr. 21-22. In addition, even if Plaintiff were limited to only occasional handling and fingering

with the right upper extremity, the vocational expert testified that there would still be jobs that Plaintiff could perform.  Tr. 22.  As such, the ALJ found that Plaintiff was not disabled.

## II.   Analysis

Plaintiff takes issue with the ALJ's decision on the basis that substantial evidence does not exist to support the determination that Plaintiff has the RFC to perform a limited range of sedentary work.  Specifically, Plaintiff argues that the ALJ erred by equating that the reported activities support the RFC; minimizing the clinical findings; ignoring medical opinions; and substituting the ALJ's own judgment in crafting the RFC.  *See* ECF No. 12-1 at 19.  Further, Plaintiff argues that the ALJ incorrectly concluded that Plaintiff could perform work which exists in the national economy.  *See id.* at 27-29.  This Court disagrees.

### A.  The RFC is Supported by Substantial Evidence

"When determining a claimant's RFC, an ALJ must evaluate every medical opinion received, '[r]egardless of its source.'"  *Anna T. v. Commissioner*, No. 19-CV-1524-LJV, 2021 WL 810014, at *2 (W.D.N.Y. March 3, 2021) (citing 20 C.F.R. § 404.1527(c)).

In arguing that the RFC lacks sufficient support in the record, Plaintiff first argues that there is no analysis as to how the reported activities of daily living were consistent with performing full-time sedentary work.  *See* ECF No. 12-1 at 20-22.  In support, Plaintiff points to testimony indicating that she had difficulty, *inter alia*, holding pans, had neck pain looking at a computer screen, had problems picking up small objects and typing, and that activity time depended on her symptoms.  *Id.* at 21.  The Commissioner, however, argues that Plaintiff's activities were merely deemed consistent with the RFC, not that the reported activities were relied on exclusively to form the RFC.  *See* ECF No. 13-1 at 15.  The Commissioner further points to evidence in the record

which demonstrated that Plaintiff was capable of a wide range of activities including apartment renovations, babysitting, and going to the gym.  *See id.* at 15-16.

The ALJ specifically discussed many of Plaintiff's substantial daily activities: she does some cooking; performs household chores; drives regularly; attends appointments; grocery shops; cares for her pets; watches television; spends time with family and friends; attends classic car shows; does crafts; uses a computer; takes walks; and reads.  Tr. 16-17.  The ALJ noted that Plaintiff testified to having a difficult time with washing dishes and carrying laundry but was still able to do part-time babysitting in January 2017.  Tr. 17.  Plaintiff's difficulties performing such activities does not render the RFC without sufficient basis.  Indeed, the ALJ explicitly recognized that some of these activities caused Plaintiff difficulty, however, other activities demonstrated Plaintiff's capacity to function despite such impairments.  There is no error in relying upon daily activities, among other evidence, to conclude that Plaintiff is capable of performing a range of sedentary work with additional limitations.  *See Jason R. v. Comm'r of Soc. Sec.*, No. 19-CV-1641, 2021 WL 1131265, at *5-6 (W.D.N.Y. Mar. 24, 2021) (finding that Plaintiff's daily activities were consistent with the RFC even where there was evidence that some activities were more difficult for the plaintiff).  Moreover, it is not the duty of this Court to re-weigh the testimony and medical evidence and determine which is more persuasive regarding Plaintiff's work capabilities.  Rather, such weighing of evidence is properly handled by the ALJ.  *See Schaal*, 134 F.3d at 504.

Next, Plaintiff asserts that the RFC was not supported by the medical opinions in the evidence.  ECF No. 12-1 at 22.  Specifically, Plaintiff asserts that the ALJ erred by not engaging in a clear discussion of the opinion of Dr. Lawrence.  Indeed, the ALJ indicated that Plaintiff was *more* limited than Dr. Lawrence's findings, yet, paradoxically, found that Plaintiff could reach in all directions—despite Dr. Lawrence's opinions that Plaintiff was limited in reaching.  *Id.*

Likewise, Plaintiff argues that the ALJ's analysis of Dr. Balderman's opinion is similarly unclear. Although the ALJ found that Dr. Balderman's opinion was persuasive, the ALJ did not incorporate the limitations provided by Dr. Balderman regarding head movement, sitting limitations, and reaching limitations.  *Id.* at 22-23.  Finally, the opinion of NP Belair was deemed persuasive and yet the ALJ did not include the limitations regarding Plaintiff's head and neck movement, need for an ergonomic chair, and need to lie flat to improve experienced symptoms.  *Id.* at 23.  In response, the Commissioner notes that under the new regulations—which are applicable to this case—the ALJ is not required to provide a written analysis about the consideration of each piece of evidence, but rather, the ALJ must provide information sufficient to allow a reviewer to "trace the path of an adjudicator's reasoning."  ECF No. 13-1 at 16 (quoting 82 Fed. Reg. 5844-01, at 5858 (Jan. 18, 2017)).  The Commissioner argues that the ALJ sufficiently did so here.  The Court agrees.

Indeed, "[t]he regulations regarding the evaluation of medical evidence have been amended for claims filed after March 27, 2017, and several of the prior Social Security Rulings, including SSR 96-2p, have been rescinded." *Raymond M. v. Commissioner*, No. 5:19-CV-1313 (ATB), 2021 WL 706645, at *4 (N.D.N.Y. Feb. 22, 2021).   "According to the new regulations, the Commissioner 'will no longer give any specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion." *Raymond M.*, 2021 WL 706645, at *4 (citing *Revisions to Rules Regarding the Evaluation of Medical Evidence ("Revisions to Rules")*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867–68 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c(a), 416.920c(a)).   "Instead, the Commissioner must consider all medical opinions and 'evaluate their persuasiveness' based on the following five factors: supportability; consistency; relationship with the claimant; specialization; and 'other factors.'" *Raymond M.*, 2021 WL 706645, at *4 (citing 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c)).  Of the five factors the ALJ

is to consider in evaluating the persuasiveness of medical opinions, consistency and supportability are "the most important." *Id.* at *4 (citing *Revisions to Rules*, 82 Fed. Reg. 5844-01 at 5853).

It is clear from the ALJ's decision that he took into consideration Plaintiff's lengthy medical treatment history and various treatment notes in finding specific opinion evidence persuasive or less persuasive in rendering the ultimate RFC determination. *See* Tr. 16-21. The RFC provides that Plaintiff can perform sedentary work with additional limitations based on the evidentiary record as a whole. Indeed, an RFC need not "perfectly correspond" with any of the medical source opinions discussed in an ALJ's decision. *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order).

While Plaintiff argues that further limitations should have been included in the RFC based on the opinions which the ALJ found persuasive and that there is significant evidence contrary to the ALJ's RFC determination, there remains sufficient evidence in support of the RFC. For example, the record evidence shows improvement in symptoms following carpal tunnel release surgery, *see, e.g.*, Tr. 360, 368, 403, 408, 410, 536, 550, 564, 660, and effective management with injections, *see, e.g.*, Tr. 341, 343, 509, 516, 520, 536, 564, 655, 662. Evidence also indicates that pain conditions were managed with medications, healthy choices, and exercise. *See, e.g.*, Tr. 760, 766, 800. And while Plaintiff's examinations certainly showed some abnormal findings, they also indicated normal gait, full and painless range of motion, full strength, and normal reflexes. *See, e.g.*, Tr. 345, 366, 403, 407, 490, 502, 504, 529, 535, 550, 560, 617, 638, 657, 696, 762, 771, 775, 781, 804.

The Court recognizes that Plaintiff suffers from many impairments. However, "[i]f the reviewing court finds substantial evidence to support the Commissioner's final decision, that decision must be upheld, even if substantial evidence supporting the claimant's position also

exists." *Graham v. Berryhill*, 397 F. Supp. 3d 541, 550 (S.D.N.Y. 2019) (quoting another source). As discussed, the medical evidence provides substantial support for the ALJ's conclusions here and it is not the duty of this Court to re-weigh the various medical opinions of record.

### B. The ALJ Did Not Incorrectly Conclude that Plaintiff Could Perform Other Work

Next, Plaintiff asserts that the ALJ failed to resolve the conflict between the vocational expert's testimony and the Dictionary of Occupational Titles (the "DOT") with respect to reaching, and therefore, the determination that Plaintiff can perform the identified jobs lacks substantial evidence. ECF No. 12-1 at 28. In support, Plaintiff asserts that the facts here are similar to those present in *Lockwood v. Comm'r of Soc. Sec.*, 914 F.3d 87 (2d Cir. 2019).

In *Lockwood*, the vocational expert testified that plaintiff could perform the tasks associated with three specific jobs "as long as he retained the ability to perform light work that did not require any overhead reaching." 914 F.3d at 89. The Second Circuit determined that the jobs identified by the vocational expert were not based on substantial evidence because the testimony offered by the vocational expert and the DOT contained an unresolved conflict. *Id.* at 91. The Court indicated that, where a conflict arises, it is the duty of the Commissioner to elicit an explanation for that conflict. *Id.* In response to this deficiency, the Commissioner in *Lockwood* attempted to argue that "reaching" in the DOT does not necessarily establish that the job requires *overhead* reaching. *Id.* at 92. The Court however, made clear that while it could "guess" what jobs require, it was the duty of the Commissioner to elicit an explanation from the vocational expert whether those occupations in fact require overhead reaching. *Id.* at 93 (quoting *Spears v. Colvin*, No. 15-CV-6236, 2016 WL 4973890, at *5 (W.D.N.Y. Sept. 19, 2016)).

Here, the vocational expert specifically noted that she *did* take into consideration Plaintiff's overhead reach limitation and indicated that the DOT does not distinguish between reaching

overhead, in front, to the sides, and in all other directions.  Tr. 76.  She furthered indicated that her opinion that Plaintiff could perform occupations requiring such reaching abilities was based on her knowledge of how those specific jobs were performed.  *Id.*  This is precisely the type of analysis that the Second Circuit in *Lockwood* indicated should have been done by the vocational expert.  *See Lockwood*, 914 F.3d at 92-3.  Therefore, Plaintiff's argument fails, and remand is not required here.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 12, is DENIED, the Commissioner's motion for judgment on the pleadings, ECF No. 13, is GRANTED, and the complaint is DISMISSED WITH PREJUDICE.  The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: August 30, 2021
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York